No. 5999.

### THE STATE OF LOUISIANA VS. MILTON CARODINE.

Sections eight and twelve of the statute No. 124 of the acts of 1874 did not in terms, or by necessary implication, repeal the law then in force in regard to larceny. The crime of larceny, as it then existed, was merely divided into grand and petty larceny, and the Legislature simply defined what should be considered grand and petty larceny, and fixed the punishment to each. But it did not repeal the law under which the prisoner was indicted; it only limited the amount of punishment.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Chaplin,* J. *W. J. Cunningham,* District Attorney, and *A. P. Field,* Attorney General, for plaintiff and appellee. *Scales & Bullock* and *J. F. Pierson,* for defendant and appellant.

MORGAN, J. The prisoner was indicted on the sixth of September, 1873, for larceny. The indictment was found under section 812, R. S., which declares that "whoever shall be guilty of larceny shall be imprisoned at hard labor, or otherwise, not exceeding ten years." He was arraigned on the thirteenth of September, 1875, and pleaded not guilty.

The crime charged against him was the larceny of a hat valued at one

dollar. He was convicted, and was sentenced to eighteen months imprisonment at hard labor in the State Penitentiary.

Before sentence he moved for an arrest of judgment. His grounds are :

First—" That the law under which the said indictment was found and preferred is repealed by act No. 124, session of 1874 of the General Assembly, under and by virtue and effect of which this defendant is released from the penalty of the law under which the verdict of the jury was rendered in this case ;" and,

Second—" Because there is no crime known to the law of the said State charged against this defendant."

He claims that the law under which he was indicted was repealed by sections eight and twelve of statute No. 124 of the acts of 1874.

The eighth section of the act in question declares that " the crime of larceny in the State of Louisiana shall be divided into grand and petty larceny. The larceny of any property or money or object or objects of the value of one hundred dollars or more shall constitute grand larceny, and be punishable with imprisonment in any parish prison, or at hard labor in the Penitentiary, at the discretion of the court, for not more than ten years. The larceny of any property or money or object or objects under the value of one hundred dollars shall constitute the crime of petty larceny, and be punishable with imprisonment in any parish prison, or in the Penitentiary, at the discretion of the court, for not more than two years, and all statutory provisions in force relative to larceny not inconsistent herewith or on matters provided for herein are hereby made applicable to the crime of larceny as herein established."

The only portion of the twelfth section which can possibly affect the prisoner's case is that which provides that the act " shall take effect from and after its promulgation."

The cases relied upon by the appellant as authority for claiming a reversal of the judgment against him are : State vs. Johnson, 12 L. 547; State vs. Clay, 12 An. 431; State vs. King, 12 An. 593; State vs. Morgan, 12 An. 712; State vs. O'Connor, 13 An. 486; State vs. Brewer, 22 An. 273.

These cases do not help him. In all of them, except O'Connor's case, the court held that the law under which the prisoners were indicted had been repealed. In O'Connor's case the question was whether the third section of the act of 1855, relative to crimes and offenses, was on the first of April, 1870, repealed by the act of the Legislature No. 96 of the laws of 1870, which went into effect on the day last named. The court held that it was not.

Sections eight and twelve of the statute No. 124 of the acts of 1874 did not in terms or by necessary implication repeal the law then in force in regard to larceny. The crime of larceny, as it then existed, was merely

divided into grand and petty larceny, and the Legislature simply defined what should be considered grand and what petty larceny, and fixed the punishment to each. But it did not repeal the law under which the prisoner was indicted. It only limited the amount of punishment.

Judgment affirmed.